### MISSOURI PAC. R. CO. v. REA–PATTERSON MILLING CO.

(Circuit Court of Appeals, Eighth Circuit. May 14, 1921.)

No. 5666.

1. Carriers ⟪⟫189—Combination of lowest intermediate rates applicable where interstate through rate not published.

Where an interstate carrier has not published a through rate, a combination of the lowest intermediate rates applicable to the shipment is to be applied.

2. Carriers ⟪⟫189—Higher of two intermediate rates taken in computing through rate on interstate shipment.

In making up the through rate on such a shipment, where it appears that one of the connecting carriers had published a rate from point A to point B on its line, for shipments originating in A, and a higher rate on commodities moving into point A destined for point B, the higher rate must be taken in making up the combination.

In Error to the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

Action by the Missouri Pacific Railroad Company against the Rea-Patterson Milling Company. Judgment for defendant, and plaintiff brings error. Reversed.

⟪⟫For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

James M. Chaney, of St. Louis, Mo. (Henry G. Herbel, of St. Louis, Mo., and W. P. Waggener, of Atchison, Kan., on the brief), for plaintiff in error.

W. E. Ziegler and A. M. Etchen, both of Coffeyville, Kan., for defendant in error.

Before SANBORN and CARLAND, Circuit Judges, and LEWIS, District Judge.

LEWIS, District Judge. The Missouri Pacific Railroad Company received from defendant in error at Coffeyville, Kansas, a carload of flour for shipment to Smithland, Texas. The car went to destination over the Missouri Pacific, Kansas City Southern, and Black Bayou Railroads. There was disagreement as to the amount to be charged by the carrier. The shipper paid $166.89; the carrier claimed $207.74, and brought this action to recover the difference. When the trial came on a stipulation settled all material facts not admitted in the pleadings, and the court determined the resultant issue of law in favor of the defendant shipper.

[1, 2] There was no through rate, and it is agreed that the proper charge was to be made up by a combination of the lowest intermediate rates applicable to the shipment. The Kansas City Southern hauled the car into, through and to a point beyond Texarkana, and a correct determination of the issue turns solely on the inquiry as to what rate between that station and destination should be applied in making up the combination.

The stipulation of facts recites:

"That the Kansas City Southern tariff published a rate of eight cents per one hundred pounds on such commodities from Texarkana, Arkansas, to Smithland, Texas, which tariff further provides:

" 'Rates named herein apply only on traffic ...... Texarkana, Ark.-Tex. (proper) ......'

"For such commodities moving into Texarkana from other points, including Coffeyville. and from thence to Smithland, Texas, the tariff of the Kansas City Southern provided a rate of eighteen cents."

It was agreed in the stipulation that if the eighteen cent rate was applicable to the shipment the plaintiff was entitled to judgment for $40.85, and if the lower rate was applicable nothing further was due.

We do not doubt that the eight cent rate applied only to shipments originating at Texarkana, and that the eighteen cent rate applied to through shipments, such as this. We cannot consider the question as to whether the eighteen cent rate was unreasonable. T. & P. Ry. Co. v. Abilene Cotton Oil Co., 204 U. S. 426, 27 Sup. Ct. 350, 51 L. Ed. 553, 9 Ann. Cas. 1075; T. & P. Ry. Co. v. American T. & T. Co., 234 U. S. 138, 34 Sup. Ct. 885, 58 L. Ed. 1255. The judgment is reversed.