**DAVIS, Agent, v. KELLY–WEBER & CO., Limited.**

District Court, W. D. Louisiana, Lake Charles Division. November 8, 1927.

No. 1530.

1. **Carriers ⬡189—Combination of lowest intermediate rates must be applied, in absence of published through rate.**

Where there is no published through rate, a combination of the lowest intermediate rates applicable to the shipment should be applied.

2. **Carriers ⬡189—Application of local rate for less than carloads to interstate carload shipments held not justified.**

That a through interstate rate on carload lots had been canceled *held* not to justify application of a local rate for less than carloads to interstate carload shipments.

At Law. Action by James C. Davis, as Agent of the United States. against Kelly-Weber & Company, Limited. Judgment for defendant.

Pujo, Bell & Hardin, of Lake Charles, La., for plaintiff.

Alvin O. King, of Lake Charles, La., for defendant.

DAWKINS, District Judge. The government, through its agent, brings this suit to recover an alleged undercharge of freight on certain shipments of rice straw made to it during the World War and federal control of railroads, from Gueydan, Welsh, and Roanoke, in the state of Louisiana, to Camp Hancock, Wheless, Ga. At the time there were no through or interstate rates applicable on the shipments, but the freight charges were collected on the basis of intrastate rates on carload lots from the points of origin to New Orleans, La., which was 10 cents per hundred pounds, plus the through rate of 30.5 cents per hundred from the latter point to Wheless, Ga. Thereafter it was claimed that the carload intrastate rate to New Orleans could not apply, because a previous through or interstate rate, which consisted of the sums of the through rate from New Orleans to Wheless, and the carload intrastate rate to the former point, had been canceled, and no new through rate provided; hence the local less than carload tariff of 65 cents from Gueydan and 41 cents from Roanoke and Welsh, La., to New Orleans, was added to that from the latter point to Wheless, Ga., and this suit brought for the difference between the sum paid and the amount claimed.

It is argued on behalf of the government that, if the defendant had wished to avail itself of the rate of 10 cents per hundred to New Orleans from the points of origin, it should have billed the straw to New Orleans and then *rebilled* it to Georgia, but instead it shipped to New Orleans and merely *reconsigned* the freight. In my opinion, this would have made no difference, for the reason that the straw was always destined to Camp Hancock, constituted an interstate shipment to that point, and had to be governed by interstate rates, and that to have adopted the course suggested would have been a mere subterfuge, which could not have been recognized as the governing rates. B. & O. S. W. R. R. Co. v. Settle et al., 260 U. S. 166, 43 S. Ct. 28, 67 L. Ed. 189.

[1, 2] On the other hand, where the carrier has not published a through rate, a combination of the lowest intermediate rates applicable to the shipment should be applied. Mo. Pac. R. R. Co. v. Rea-Patterson Milling Co. (C. C. A.) 273 F. 518; U. S. v. Woods et al. (D. C.) 145 F. 405. The only excuse given

for applying less than carload rates from the points of origin to New Orleans was that the former through rate, consisting of the carload intrastate rate of 10 cents per hundred and the 30.5-cent rate from New Orleans to Wheless, had been canceled. However, I do not think this justifies the application of the exorbitant less than carload rate, which would have the effect practically of confiscation, or more than equal the value of the property shipped. Such a rule violates the principle that, where no other rates are published, the lowest combination of intermediate rates should be used, and I can see no more reason in the circumstances for applying the less than carload intrastate tariffs than there was for using those covering carload shipments.

My conclusion is that the rate heretofore collected was the correct one, and the plaintiff's demand should be rejected. I have indicated on the requested findings of fact and law my conclusions, by indorsing on the margin thereof the word "Granted" or "Denied," as I thought appropriate.

Decree in accordance with these conclusions may be presented.